EDWARD J. GEYER *vs.* CLARA A. COOK.

Knox.   Opinion December 30, 1913.

*Complaint.   Exceptions.   Flowage.   Jurisdiction.   Revised Statutes,*
*Chapter 94, Section 30.   Revised Statutes, Chapter 84,*
*Sections 7-8.   Survival of Actions.*

Upon the death of a party defendant in a complaint for flowage under
Revised Statutes, chapter 94, section 35, the administrator of the deceased
party may be cited in, and in such case must answer or be defaulted, and
suffer judgment against him.

On exceptions by the defendant.   Exceptions overruled.

This is a complaint for flowage under Revised Statutes, chapter
94, section 35.   The defendant died, and the death being suggested,
the complainant was granted leave to cite in her administrator.
Upon summons, the administrator appeared and filed a motion to
be discharged from the proceedings.   The presiding Justice over-
ruled the motion and the defendant excepted.

The case is stated in the opinion.

*Arthur S. Littlefield,* for plaintiff.

*Rodney I. Thompson,* for defendant.

SITTING:   SAVAGE, C. J., SPEAR, KING, HALEY, HANSON, PHIL-
BROOK, JJ.

SAVAGE, C. J.   Complaint for flowage, under Revised Statutes,
chapter 94, sec. 35.   The death of the defendant being suggested,
the complainant had leave to cite in her administrator.   Summons to
administrator was issued, and the administrator appeared.   Later
the administrator moved to be discharged from the proceedings, on
the ground that he was not a proper party, had never been made
and could not without his consent be made a party, and that the
court had no jurisdiction over him as such.   The motion was over-
ruled and exceptions were taken.

The issue at law between the parties may be stated as follows:— The administrator says that complaints for flowage do not survive under the general provisions of Revised Statutes, chapter 84, secs. 7 and 8. The complainant replies that by virtue of chapter 94, sec. 30,—the flowage statute—"no complaint for so flowing lands or diverting water abates by the death of any party thereto; but it may be prosecuted or defended by the surviving complainants or respondents, or the executors or administrators of the deceased." To this the administrator rejoins that the word "may" in the phrase, "may be prosecuted or defended" is permissive; that it means that an administrator may at his option defend, but that he cannot be compelled to do so.

We are unable to concur in the administrator's view. Under the statute a complaint for flowage survives because the statute says it does not abate. If it survives, it seems clear that the plain intendment of the statute is to provide for the necessary steps by which it may be prosecuted. It cannot be prosecuted without a party complainant and a party defendant. If either party dies, the other party is still in court with a litigant's rights. The administrator of either party may be summoned in by the other. It is true that the administrator of the complainant, after being summoned in may elect to abandon the suit, as all complainants and plaintiffs may do, and be liable to pay such costs as the law awards. Not so, with the administrator of a defendant. He, like all other defendants, must answer, or be defaulted and suffer judgment against him.

*Exceptions overruled.*